Johnnie Morris ELEBY, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–460–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 15, 1982.

J. G. Glass, Houston, for appellant.

Marqua McGull-Billingsley, Maryrose Milloy, Asst. Dist. Attys., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

## OPINION

PRICE, Justice.

·This is an appeal from a conviction for aggravated robbery. Trial was to a jury who found the appellant guilty of the offense and assessed his punishment at forty years imprisonment, appellant having had a prior felony theft conviction. Appellant asserts five grounds of error. We find no reversible error and affirm the conviction.

We summarize the facts for clarity. On September 17, 1980, complainant was awaiting the arrival of a woman friend in a hotel room when an armed robber entered the room, pushing the woman in front of him. He stole the complainant's money, jewelry and car keys, covered the complainant's head with a coat and left the scene in the complainant's automobile. Several days later the police stopped the driver of the complainant's stolen automobile, a Mr. Phillip Shepherd. On October 5, 1980, Mr. Shepherd was placed in a line-up but the complainant indicated he was not the person who had robbed him.

On October 5, 1980, a Houston police officer on routine patrol was flagged down by a man who, without giving his name to the officer, claimed to be the brother of Phillip Shepherd. This man implicated appellant to the officer on the basis of an alleged conversation with Shepherd on October 4, 1980. The complainant then tentatively identified appellant in a photo spread. Appellant was subsequently arrested on October 5, 1980, and identified in a line-up by the complainant on October 6, 1980. Complainant also made an independent in-court identification of appellant at trial.

In ground of error number one appellant asserts that the trial court erred in admitting identification testimony of appellant obtained as a result of the illegal warrantless arrest of appellant. The arresting officer, appellant argues, did not possess the requisite probable cause to effect an arrest nor were exigent circumstances present at the time of the arrest to justify a warrantless arrest. Further, appellant contends that neither the credibility of the informant nor the independent source of his knowledge was established pursuant to *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Therefore, appellant argues, the line-up and the in-court identification of appellant should have been suppressed since they were the product of an illegal arrest. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

An in-court identification of a defendant by a witness who has previously identified him in an illegal line-up is admissible if the State can demonstrate, by clear and convincing evidence, that the in-court identification was based upon observation of the defendant other than by the line-up identification. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). In *Thompson v. State*, 480 S.W.2d 624, 627 (Tex.Cr.App.1972) the Court of Criminal Appeals enumerated the factors to be considered in determining the origin of an in-court identification. They included: (1) the prior opportunity to observe the alleged criminal act, (2) the existence of any discrepancy between any pre-line-up description and the defendant's actual description, (3) any identification prior to line-up of another person, (4) the identification by picture of the defendant prior to the line-up, (5) failure to identify the defendant on a prior occasion, and (6) the lapse of time between the alleged act and the line-up identification. *Thompson v. State, supra* at 627 citing *United States v. Wade*, 388 U.S. 218, 241, 87 S.Ct. 1926, 1939–40, 18 L.Ed.2d 1149 (1967) and *Martinez v. State*, 437 S.W.2d 842 (Tex.Cr.App.1969).

Applying this criteria to the present case, we find that the complainant had ample opportunity to observe appellant. There was no discrepancy of any magnitude between his pre-line-up description and the actual appearance of appellant. The record does not reflect that he had previously identified another person or that he had failed to identify appellant on a prior occasion. The lapse of time between the robbery and the line-up was not so great as to dull the complainant's memory. The photograph tentatively identified by complainant in the photo spread was a photograph of appellant taken prior to his arrest, and the evidence was otherwise sufficient to enable the trial court to conclude that the in-court identification was of independent origin. Further, the in-court identification need not be suppressed as the fruit of appellant's allegedly unlawful arrest but it is admissible because the victim's independent recollections of him antedated the alleged unlawful arrest and was thus untainted by the constitutional violation. *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980). The photograph identification of appellant likewise antedated the alleged unlawful arrest. Appellant's first ground of error is overruled.

Appellant, in his second ground of error, argues that the trial court erred in admitting the complainant's in-court identification of appellant because such identification was the result of an impermissibly suggestive pretrial identification procedure. With regard to the line-up in which appellant was a participant, appellant urges that the alleged height differences and age differences of the participants in the line-up rendered the line-up impermissibly suggestive. Although the evidence relating to the Eleby line-up characteristics do not show such differences alleged, the show-up sheet was misplaced and missing at the time of trial. Because the show-up sheet was unaccountably missing from the Eleby lineup, appellant makes such assertions of such height and age differences from the prior Shepherd line-up procedure. The evidence supports the trial court's finding that the Eleby line-up was properly conducted. Again, however, "[w]here the in-court identification is based upon observations by the witness other than the line-up identification

and thus is of independent origin, then the in-court identification is admissible even though the line-up procedure may have been improper." *Brem v. State,* 571 S.W.2d 314, 320 (Tex.Cr.App.1978), citing *Thompson v. State,* 480 S.W.2d 624 (Tex.Cr.App. 1972). When the complaining witness' identification of the defendant is based upon an adequate opportunity to view the defendant at the time of the offense, then the identification is of independent origin. *Bermudez v. State,* 533 S.W.2d 806 (Tex.Cr.App.1976). In the instant case, the record clearly supports the trial court's finding that the complainant's identification of appellant was based upon his view of him at the time of the offense. Although the robber did cover the complainant's face with a coat, the complainant testified that he had ample opportunity to get a good look at the robber. Thus, the evidence supports the trial court's findings that the in-court identification was of independent origin and not the result of the line-up; therefore, the in-court identification by the complainant was properly admitted. *Brem v. State, supra* at 320. Appellant's second ground of error is overruled.

In ground of error number three appellant argues that the trial court erred in admitting the complainant's in-court identification of appellant and evidence of identification of appellant in a pre-trial identification procedure for reason that the State did not produce the "show-up sheet" made at the time of appellant's line-up, thus depriving appellant of due process of law, the right to prepare an adequate defense and denying appellant a fair trial. The record reflects that the show-up sheet customarily filled out at the time of the line-up was unaccountably absent at the time of trial. Therefore, appellant urges that he was forced to attempt by use of the Shepherd show-up sheet to demonstrate the discrepancies in the Eleby line-up. Even if the line-up procedure for appellant's line-up was improper and we find no evidence to dispute the trial court's finding that it was proper, the in-court identification is admissible if it is shown to be of independent origin. *Thompson v. State, supra.* Such is the case here and appellant's third ground of error is overruled.

In grounds four and five, appellant asserts that the trial court erred in failing to grant a motion for instructed verdict because the evidence was insufficient to support a verdict of guilt. The evidence should be considered in the light most favorable to the verdict. *Penagraph v. State,* 623 S.W.2d 341, 343 (Tex.Cr.App. 1981). The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Penagraph v. State, supra* at 343. The record reflects that the complainant was robbed at gunpoint of his property and that he identified appellant as the man who had robbed him. We find that the evidence amply supports the jury verdict. Appellant's final grounds of error are overruled.

The judgment is affirmed.