Lorenzo **BERMUDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 51147.

Court of Criminal Appeals of Texas.

March 10, 1976.

Charles W. Cromwell, J. Douglas Tinker, on appeal only, Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and J. Grant Jones, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is aggravated robbery; the punishment, 20 years.

Appellant's first contention is the indictment[1] is fundamentally defective because it does not comply with V.T.C.A., Penal Code, Sec. 6.01(a), which provides:

"(a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.
.   .   ."

Appellant's position is that an act otherwise sufficient to constitute a crime will not be a crime unless the act is voluntarily engaged in and the element of voluntariness must always be pled. Appellant contends the new penal code specifically requires both "a voluntary act" and "culpability" be alleged in the indictment.[2]

This Court has held that the requirement of a culpable mental state is mandatory in the absence of clear language to the contrary. See *Braxton v. State*, Tex.Cr.App., 528 S.W.2d 844; *Ex parte Ross*, Tex.Cr. App., 522 S.W.2d 214; *Teniente v. State*, Tex.Cr.App., 533 S.W.2d 805 (decided March 3, 1976). However, this result is mandated by the provisions of V.T.C.A., Penal Code, Sec. 6.02(b) as follows:

"(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element."

■ Since Sec. 6.01 does not contain a similar provision, voluntariness need not be pled unless it is an essential element of an offense. See *American Plant Food Corpo-*

*ration v. State*, Tex.Cr.App., 508 S.W.2d 598; *Pannell v. State*, Tex.Cr.App., 384 S.W.2d 350; *Graham v. State*, 139 Tex.Cr.R. 98, 139 S.W.2d 269; *Bush v. State*, 97 Tex. Cr.R. 219, 260 S.W. 574. "Element of offense" is defined in V.T.C.A., Penal Code, Sec. 1.07(a)(13) as the forbidden conduct, the required culpability, any required result, and the negation of any exception to the offense. The forbidden conduct in the case at bar as prescribed by V.T.C.A., Penal Code, Secs. 29.02(a)(2) and 29.03(a)(2) does not contain a requirement of voluntariness. Voluntariness is separate and apart from the "required culpability" and from the "required result". Absence of voluntariness cannot be construed as an exception to the offense since V.T.C.A., Penal Code, Sec. 2.02(a) provides that exceptions are so labeled.

■ We hold that the issue of "voluntariness" of the conduct is in the nature of a defense and need not be pled in the indictment. See V.T.C.A., Penal Code, Sec. 2.03(b). See also *Harris v. State*, 91 Tex. Cr.R. 446, 241 S.W. 175; *Bradley v. State*, 102 Tex.Cr.R. 41, 277 S.W. 147.

Appellant's remaining ground of error asserts the witness Velasquez impermissibly made an in-court identification of appellant. Appellant did not request a preliminary hearing on the admissibility of the in-court identification. See *Martinez v. State*, Tex. Cr.App., 437 S.W.2d 842. Appellant did take the witness on voir dire prior to the in-court identification and made an objection to her testimony on the grounds that she had been shown pictures by the police.

The record shows that two men entered the house where witness Velasquez was em-

---

1. Omitting the formal parts, the indictment alleges appellant "did then and there unlawfully while in the course of committing theft and with intent to maintain control over a shotgun and a television set, personal property owned by Frank Hufsmith, intentionally and knowingly place Genevie Velasquez in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a firearm."

2. Appellant seems to base this assertion on the captions to V.T.C.A., Penal Code, Secs. 6.01 and 6.02, to-wit: "Requirement of Voluntary Act of Omission" and "Requirement of Culpability." Although the captions are part of the original legislative act (Acts 1973, 63rd Legislature, Chapter 399, Section 1), they do not limit or expand the meaning of the statute. *Vaughn v. State*, Tex.Cr. App., 530 S.W.2d 558.

ployed and took items, including jewelry and a TV set. Velasquez testified that one of the two men slapped her and then she was locked in a closet. She only saw one of the two men. The testimony of a police officer shows that within a few days of the offense Velasquez selected a picture of the co-defendant from a photographic display. Approximately two months later she chose appellant's photograph from a different photographic display and identified appellant in a line-up.

Photographic identification does not automatically taint an in-court identification. *White v. State*, Tex.Cr.App., 496 S.W.2d 642, and cases there cited. The lapse of time between the offense and the identification and the identification of another person are only two of the factors to be considered in determining the origin of an in-court identification. *Thompson v. State*, Tex.Cr.App., 480 S.W.2d 624.

Velasquez' testimony at trial showed identification of appellant was based on adequate opportunity to view appellant at the time of the offense and the in-court identification was of independent origin. *Jordan v. State*, Tex.Cr.App., 495 S.W.2d 949; *Gonzales v. State*, Tex.Cr.App., 501 S.W.2d 644.

Finding no reversible error, the judgment is affirmed.