Autry Ray CHARLES, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 05–81–00609–CR, 05–81–00610–CR.

Court of Appeals of Texas, Dallas.

May 11, 1982.

Rehearing Denied June 29, 1982.

Discretionary Review Refused Oct. 6, 1982.

**6** ■ 

Donald G. Davis, Dallas, for appellant.

Henry M. Wade, Dist. Atty., R. K. Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, ALLEN and GUILLOT, JJ.

GUILLOT, Justice.

Appellant was convicted of aggravated robbery and sentenced to life imprisonment. We affirm.

In his sole ground of error, appellant challenges the constitutionality of the statutory application of the affirmative defense of duress. Tex.Penal Code Ann. §§ 2.04 and 8.05 (Vernon 1974). Appellant's defense was that he was coerced into committing the robbery by Robert Curlee who threatened to kill appellant's infant son if appellant did not commit the robbery. The trial court gave the following charge on duress:

A defense set up by the defendant in this case is what is known as duress. It is an affirmative defense to prosecution for any offense that the person charged engaged in the proscribed conduct because he was compelled to do so by the threat of imminent death or serious bodily injury to himself or another. Such compulsion exists only if the threat of force is such as would render a person of reasonable firmness incapable of resisting the pressure.

The burden of proof of the affirmative defense of duress rests upon the defendant, and to establish such defense, the defendant must prove it by a preponderance of the evidence. By the term "Preponderance of the evidence" is meant the greater weight and degree of the credible evidence in the case.

Now, therefore, if you find from the evidence beyond a reasonable doubt that the defendant, did commit the offense of aggravated robbery, as alleged in the indictment, but you further find by a preponderance of the evidence that Larry Taylor and/or Robert Curlee had threatened to kill the defendant or his infant son if he did not participate in said robbery, and that his threats were such threats of force as would render a person of reasonable firmness incapable of resisting the pressure, and the defendant was in fear of imminent loss of life or serious bodily injury to his infant son at the hands of Larry Taylor and/or Robert Curlee if he did not participate in the robbery and that so believing, he did participate, then you will acquit the defendant and say by your verdict "not guilty."

■ Appellant contends that this charge, which he concedes is in accordance with §§ 2.04 and 8.05 of the Penal Code, impermissibly shifts the burden of proof to the defendant to negate the intent element necessary for criminal culpability. We, however, do not so read this charge. Under *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), the State must be required to prove beyond a reasonable doubt every element necessary to constitute the crime as charged. Only after the State has carried its burden may a burden be placed on a defendant to prove by a preponderance of the credible evidence some fact relieving him of criminal liability. *Patterson v. New York, supra*, at 207, 97 S.Ct. at 2325. The charge in this case clearly requires that the jury first find beyond a reasonable doubt that appellant committed the offense of aggravated robbery. Only then does the jury need to consider appellant's affirmative defense of duress. If appellant can persuade the jury that he acted under duress, the jury must return a verdict of not guilty. Thus here, as in *Patterson*, the State successfuly carried its burden of proving the facts of the crime beyond a reasonable doubt and appellant's evidence failed to convince the jury that appellant's affirmative defense had been made out. Furthermore, unlike in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), here there is no implied or presumed fact against appellant which appellant is

required to rebut by a preponderance of the evidence.

Affirmed.