**Robert Jerome DAVIS,
Petitioner-Appellant,**

v.

**O.L. McCOTTER, Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 84–5032
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 22, 1985.

Lawrence B. Mitchell, R.K. Weaver, Dallas, Tex., for petitioner-appellant.

Jim Mattox, Atty. Gen., William C. Zapalac, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Convicted of aggravated robbery, Robert Jerome Davis was sentenced to 30 years in the custody of the Texas Department of Corrections. Davis admitted his participation but claimed duress. The jury found him guilty and his conviction was affirmed on direct appeal. *Davis v. State*, No. 05–81–00854–CR (Tex.App.—Dallas, Oct. 27, 1982). After exhausting his state remedies Davis filed the instant 28 U.S.C. § 2254 petition. The district court denied relief but granted a certificate of probable cause.

The sole question raised on this appeal is whether the Texas rule that a defendant prove duress by a preponderance of the evidence violates the due process clause of the fourteenth amendment. Answering in the negative, we affirm.

■ The due process clause requires that the state prove beyond a reasonable doubt "every fact necessary to constitute the crime with which [an accused] is charged." *In re Winship*, 397 U.S. 358,

364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). Davis maintains that voluntariness is an element of the offense of aggravated robbery and, because duress implicates voluntariness, the Texas rule obliging him to prove duress runs counter to due process.

■ We are not persuaded. Voluntariness is not an element of the offense of aggravated robbery. Although section 6.01 of the Texas Penal Code contains a general voluntariness rubric, the aggravated robbery statute contains no specific voluntariness requirement. Tex.Penal Code Ann. § 29.03. The Texas Court of Criminal Appeals has held that voluntariness is not an element of aggravated robbery. *Bermudez v. State*, 533 S.W.2d 806, 807 (Tex.Crim.App.1976) ("The forbidden conduct in the case at bar [aggravated robbery] as prescribed by V.T.C.A., Penal Code, Secs. 29.02(a)(2) and 29.03(a)(2) does not contain a requirement of voluntariness."). We accept and follow that court's construction of Texas criminal law. *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir.1981).

We are not prepared to hold as a matter of federal constitutional law that voluntariness must be considered an essential element of the crime of aggravated robbery in Texas. As the Supreme Court has stated:

> The doctrines of *actus reus, mens rea,* insanity, mistake, justification, and duress have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of criminal law and changing religious, moral, philosophical, and medical views of the nature of man. This process of adjustment has always been thought to be the province of the States.

*Powell v. Texas*, 392 U.S. 514, 536, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968). *See also, United States v. Mitchell*, 725 F.2d 832 (2d Cir.1983). Under Texas law duress is an affirmative defense and must be proved by a defendant by a preponderance of the evidence. Tex.Penal Code Ann. §§ 2.04 and 8.05. The Supreme Court specifically declined the proposition that due process requires a state to disprove, be-

yond a reasonable doubt, the facts constituting an affirmative defense raised by an accused. *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

Texas has not violated due process standards by making duress an affirmative defense, and requiring that a defendant prove its existence by a preponderance of the evidence, when urged in defense to an aggravated robbery charge.

AFFIRMED.