**Christopher J. ALFORD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–90–00354–CR.

Court of Appeals of Texas, Dallas.

March 15, 1991.

Discretionary Review Granted July 3, 1991.

Lawrence B. Mitchell, Richard Corbitt, Dallas, for appellant.

Kathleen A. Walsh, Asst. Dist. Atty., Dallas, for appellee.

Before STEWART, BAKER and BURNETT, JJ.

## OPINION

BAKER, Justice.

A jury found Christopher J. Alford guilty of aggravated robbery and sentenced him to fifty years' confinement. He appeals,

contending the trial court erred in: (1) overruling his motion to dismiss the indictment; (2) failing to define the term "beyond a reasonable doubt" in the jury charge; and (3) placing the burden on appellant to prove his duress defense. We overrule these points. We affirm the trial court's judgment.

## I. FACTS

The grand jury indicted appellant for aggravated robbery. The authorities arrested appellant and placed him in juvenile detention. The State filed a motion for discretionary transfer. After a hearing, the juvenile court entered an order waiving jurisdiction and transferred the case to a criminal district court for further proceedings.

## II. PROCEDURAL HISTORY

The criminal district court continued the case while appellant appealed the transfer order. Appellant alleged the juvenile court violated his constitutional right to confrontation at the transfer hearing by allowing hearsay testimony into evidence. We affirmed the juvenile court's transfer order. We held that because the limited nature of a transfer hearing is dispositional rather than adjudicatory, hearsay rules do not apply. No constitutional right to confrontation exists in a dispositional proceeding.[1] *See In re G.B.B.*, 638 S.W.2d 162, 164 (Tex.App.—Houston [1st Dist.] 1982, no writ); *G.R.L. v. State*, 581 S.W.2d 536, 538 (Tex.Civ.App.—Dallas 1979, no writ).

Appellant then filed a motion to dismiss the indictment and objection to jurisdiction in the trial court. He alleged the constitutional violations at the transfer hearing deprived the criminal district court of jurisdiction. The trial court denied the motion. The case went to trial.

Appellant pleaded not guilty to the jury. He testified in his own behalf at the guilt/innocence phase. He raised the defense of duress. Appellant testified he participated in the armed robbery because

his companion compelled him to do so with threats of imminent death or serious bodily injury. The trial court charged the jury that the defendant must prove duress by a preponderance of the evidence.

## III. THE INDICTMENT

■ In his second point of error, appellant contends the trial court erred in overruling his motion to dismiss the indictment. He argues the juvenile court denied him his rights of confrontation and due process guaranteed by both the United States and Texas Constitutions. Appellant concludes that because the transfer order was invalid, the criminal district court had no jurisdiction.

The doctrine of the law of the case forecloses appellant's argument in this appeal. The doctrine dictates that when a court of last resort determines a question of law on a prior appeal of the case, that determination governs the case throughout. *See Ex parte Calvin*, 689 S.W.2d 460, 462 (Tex. Crim.App.1985). Appellant appealed the juvenile court's transfer order through the civil appeals courts. The appeal resulted in a final ruling adverse to appellant's position. We must abide by the prior ruling. *Calvin*, 689 S.W.2d at 463. We overrule appellant's second point of error.

## IV. OBJECTIONS TO THE COURT'S CHARGE

The trial court instructed the jury as follows:

A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.

A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

\*　　\*　　\*　　\*　　\*　　\*

A defense raised by the defendant, Christopher Jermaine Alford, in this case

---

1. *See C.A. v. State*, No. 05–89–00963–CV, slip. op. at 2 (Tex.App.—Dallas November 20, 1989, writ denied) (not designated for publica-tion).... We cite our prior opinion not as authority but only to show the procedural history of the case. *See* Tex.R.App.P. 90(i).

is what is known as duress. It is an affirmative defense to prosecution for any offense that the person charged engaged in the proscribed conduct because he was compelled to do so by the threat of imminent death or serious bodily injury to himself. Such compulsion exists only if the threat of force is such as would render a person of reasonable firmness incapable of resisting the pressure.

The burden of proof of the affirmative defense of duress rests upon the defendant, and to establish such defense, the defendant must prove it by a preponderance of the evidence. By the term "preponderance of the evidence" it is meant the greater weight and degree of the credible evidence in the case.

Now, therefore, if you find from the evidence beyond a reasonable doubt that the defendant, Christopher Jermaine Alford, did commit the offense of aggravated robbery, as alleged in the indictment and hereinbefore defined in this charge, but you further find by a preponderance of the evidence that, after viewing the facts from the defendant's standpoint at the time, Boderick Taylor had threatened imminent death or serious bodily injury to the defendant if he did not participate in said robbery, and that his threats were such threats of force as would render a person of reasonable firmness incapable of resisting the pressure, and that the defendant was in fear of imminent loss of his life or serious bodily injury at the hands of Boderick Taylor if he did not participate in the robbery and that so believing, he did participate therein, then you will acquit the defendant and say by your verdict "not guilty."

If, however, after viewing the facts from the defendant's standpoint at the time, you do not find by a preponderance of the evidence that the defendant's participation in the offense, if any, was compelled by such threat of imminent death or serious bodily injury at the hands of Boderick Taylor as would render a person of reasonable firmness incapable of resisting the pressure thereof, then you will find against the defendant on his defense of duress.

\*     \*     \*     \*     \*     \*

Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, Christopher Jermaine Alford, on or about the 21st day of April, A.D., 1989, in the County of Dallas and State of Texas, as alleged in the indictment, did then and there, acting alone or with Boderick Taylor and Billy Harris, while in the course of committing theft and with the intent to obtain or maintain control of the property, namely current money of the United States of America, from Angelina Matthews, by using or exhibiting a firearm, a deadly weapon, did intentionally or knowingly threaten or place said Angelina Matthews in fear of imminent bodily injury or death, you will find the defendant guilty of the offense of aggravated robbery and so say by your verdict.

If you do not so find or believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "not guilty."

\*     \*     \*     \*     \*     \*

... The burden of proof in all criminal cases rests upon the State throughout the trial and never shifts to the defendant.

All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined or indicted for or certified as a juvenile for trial as an adult, or otherwise charged with the offense, gives rise to no inference of guilt at his trial. In case you have a reasonable doubt as to the defendant's guilt, after considering all the evidence before you and these instructions, you will acquit him.

\*     \*     \*     \*     \*     \*

The charge did not define "beyond a reasonable doubt." Appellant objected to the court's instructions at trial. The court

overruled his objections. He renews his arguments on appeal.

## A. "BEYOND A REASONABLE DOUBT"

■ In his third point of error, appellant contends the trial court erred because it did not define the term "beyond a reasonable doubt" in the jury charge. The Court of Criminal Appeals has consistently held that the language of the statute on reasonable doubt does not need amplification or explanation. *See McGinty v. State,* 723 S.W.2d 719, 721 (Tex.Crim.App.1986). Trial courts need only give a nondefinitional charge on reasonable doubt. *McGinty,* 723 S.W.2d at 723. The charge here conforms to that practice. We hold the trial court did not abuse its discretion in refusing to define the term "beyond a reasonable doubt." We overrule appellant's third point of error.

## B. THE BURDEN OF PROOF

In his first point of error, appellant contends placing the burden on him to prove his defense of duress by a preponderance of the evidence violates substantive due process. He contends once he introduced some evidence of his defense, it was then the duty of the prosecution to prove beyond a reasonable doubt that he did not act under duress. He argues the defense of duress is a negation of the element of voluntariness required by section 6.03(a) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 6.03 (Vernon 1974). He maintains since voluntariness of conduct is an element of every offense, the State must prove voluntariness beyond a reasonable doubt. Appellant relies on *Denison v. State,* 651 S.W.2d 754 (Tex.Crim.App.1983); *Garcia v. State,* 605 S.W.2d 565 (Tex.Crim. App.1980); and *Bermudez v. State,* 533 S.W.2d 806 (Tex.Crim.App.1976). He concedes the trial court's instruction comports with sections 2.04 and 8.05 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 2.04 and 8.05 (Vernon 1974).

The State acknowledges there is no Texas authority which addresses the issue of whether the federal constitution forbids a shift of the burden of persuasion to the defendant in a duress defense. The State argues we should adopt the analysis of the Fifth Circuit that voluntariness is not an element of an aggravated robbery offense. *See Davis v. McCotter,* 766 F.2d 203, 204 (5th Cir.1985).

### 1. The Relevant Texas Statutes

The Texas Penal Code recognizes two kinds of defenses. A "defense" to a prosecution requires the defendant to meet a burden of production only. Although the defendant must meet the burden of production of evidence of a "defense," the prosecution still has the burden of persuasion. *See* TEX.PENAL CODE ANN. § 2.03 (Vernon 1974). An "affirmative defense" shifts both the burden of production and the burden of persuasion to the defendant. The defendant must then prove the defense by a preponderance of the evidence. TEX. PENAL CODE ANN. § 2.04 (Vernon 1974). The Texas Penal Code designates, among others, the following "defenses": mistake of fact (section 8.02), entrapment (section 8.06), necessity (section 9.22), self-defense (section 9.31), defense of a third person (section 9.33), and defense of property (section 9.41). *See* TEX. PENAL CODE ANN. §§ 8.02, 8.06, 9.22, 9.31, 9.33, 9.41 (Vernon 1974). The Code designates only four "affirmative defenses:" the due diligence defense to criminal responsibility of a corporation or association (section 7.24) and insanity (section 8.01), *see* TEX. PENAL CODE ANN. §§ 7.24, 8.01 (Vernon Supp.1990); and mistake of law (section 8.03) and duress (section 8.05), *see* TEX. PENAL CODE ANN. §§ 8.03(b), 8.05 (Vernon 1974). *Meraz v. State,* 785 S.W.2d 146, 153 (Tex.Crim.App. 1990).

Section 6.03(a) of the Texas Penal Code requires the defendant to have "a conscious objective or desire to engage in the conduct...." See TEX. PENAL CODE ANN. § 6.03(a) (Vernon 1974). Section 8.05 de-

fines the duress defense. *See* TEX. PENAL CODE ANN. § 8.05 (Vernon 1974).[2]

### 2. Due Process Requirements

The United States Supreme Court has held that substantive due process requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). The Court reaffirmed that holding in two later cases. *Patterson v. New York*, 432 U.S. 197, 210–11, 97 S.Ct. 2319, 2327–28, 53 L.Ed.2d 281 (1977); *Mullaney v. Wilbur*, 421 U.S. 684, 698, 95 S.Ct. 1881, 1889, 44 L.Ed.2d 508 (1975).

However, the concept of proof is considerably more complicated than indicated by this bare statement of the requirement. Burden of proof is fashioned by forging together two component burdens—the burden of production and the burden of persuasion. The burden of production is the burden of producing some evidence of a particular fact to avoid an adverse ruling by the trial judge (*e.g.*, a directed verdict or denial of instruction). The burden of persuasion is the burden of persuading the trier of fact that the fact is true. McCOR-MICK ON EVIDENCE § 336, at 947 (3rd ed. 1984). To prove each element of the offense beyond a reasonable doubt, the prosecution must meet both the burden of production and the burden of persuasion.

Some defenses require the defendant merely to produce some evidence of the defense. Once the defendant meets this burden, the burden of persuading the jury of the defendant's guilt beyond a reasonable doubt still rests with the prosecution.

Shifting the burden of production to the defendant does not implicate the *Winship* requirement of proof beyond a reasonable doubt. However, affirmative defenses, usually matters of justification or excuse, place both the burden of production and the burden of persuasion on the defendant. The defendant must prove the affirmative defense by a preponderance of the evidence. A true affirmative defense is a justification or excuse independent of the elements of the offense. It is in the nature of a "confession and avoidance" defense. Even if the state proves all elements of the offense beyond a reasonable doubt, the State may not punish the defendant who meets the burden of proof on an affirmative defense because commission of the offense was justified. 1 WHARTON, CRIMINAL EVIDENCE § 19 (14th ed.1985). Since an affirmative defense shifts the burden of persuasion to the defendant on a particular issue, it must meet the strict requirements of the Due Process Clause. The threshold question we consider is under what circumstances may the burden of persuasion be shifted to the defendant without violating due process?

The leading case is *Morrison v. California*, 291 U.S. 82, 54 S.Ct. 281, 78 L.Ed. 664 (1934). That case involved the California Alien Land Law statute which placed the burden of proving citizenship or eligibility for citizenship on the defendant. The United States Supreme Court said:

[W]ithin limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been

---

**2.** Section 8.05 states in its entirety:

**§ 8.05. Duress**

(a) It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another.

(b) In a prosecution for an offense that does not constitute a felony, it is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by force or threat of force.

(c) Compulsion within the meaning of this section exists only if the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure.

(d) The defense provided by this section is unavailable if the actor intentionally, knowingly, or recklessly placed himself in a situation in which it was probable that he would be subjected to compulsion.

(e) It is no defense that a person acted at the command or persuasion of his spouse, unless he acted under compulsion that would establish a defense under this section.

TEX.PENAL CODE ANN. § 8.05 (Vernon 1974).

proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression.

*Morrison,* 291 U.S. at 88–89, 54 S.Ct. at 284. Courts have relied on this "comparative convenience doctrine" to justify various statutes which shift the burden of proof. *See, e.g., People v. Bornholdt,* 33 N.Y.2d 75, 350 N.Y.S.2d 369, 374, 305 N.E.2d 461, 466 (1973). Professor McCormick suggests several factors which determine allocations of the burden of proof: "(1) the natural tendency to place the burdens on the party desiring change, (2) special policy considerations such as those disfavoring certain defenses, (3) convenience, (4) fairness, and (5) the judicial estimate of the probabilities." McCormick § 337, at 852.

The source of the "fairness" requirement is the Due Process Clause. The shifting of the burden must not subject "the accused to hardship or oppression." *Morrison,* 291 U.S. at 89, 54 S.Ct. at 284. As Justice Black has pointed out, whenever the burden of proof shifts to the defendant it creates a pressure on the defendant to testify in his own behalf, thereby violating the Fifth and Fourteenth Amendments. *Turner v. United States,* 396 U.S. 398, 432, 90 S.Ct. 642, 660, 24 L.Ed.2d 610 (1970) (dissenting opinion).

█ The most blatant case of "hardship or oppression" arises when the affirmative defense collides with the *Winship–Mullaney* requirement of proof beyond a reasonable doubt on all elements of the offense. An affirmative defense which negates an essential element (which by definition would not be a true affirmative defense) requires the defendant to prove innocence on that issue by a preponderance of the evidence. Invariably the courts have held that when the burden of persuasion shifts to the defendant on an element of the offense, the shift is a clear violation of due process which renders the trial fundamentally unfair. *See Hicks v. Feiock,* 485 U.S. 624, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988).

### 3. Voluntariness as an Essential Element

The next inquiry we must make is whether section 6.03(a) injects voluntariness into every offense as an essential element. Appellant contends "voluntariness" is an essential element of every offense. Since a criminal act done under duress is not the conscious desire of the accused but is instead the desire of the person compelling the accused to act, appellant concludes section 8.05 requires the defendant to negate an essential element of the offense. Appellant argues that instructing the jury on two different burdens of proof on the same element places the jury in an insoluble quandary. He relies on *Williams v. State,* 630 S.W.2d 640 (Tex.Crim.App.1982) (en banc).

We considered a similar argument in *Charles v. State,* 636 S.W.2d 5 (Tex.App.— Dallas 1982, pet. ref'd). In *Charles,* the defendant argued that the affirmative defense of duress as defined in the Texas Penal Code impermissibly shifted the burden to him to negate the intent element necessary for criminal culpability. We disagreed, finding that the charge submitted by the trial court required that the jury first find beyond a reasonable doubt that appellant committed the offense of aggravated robbery. Only then did the jury need to consider the affirmative defense of duress. If the defendant can persuade the jury that he acted under duress, the jury must return a verdict of not guilty. *Charles,* 636 S.W.2d at 6. The trial court in this case submitted a similar charge.

The Texas Court of Criminal Appeals has held that under the 1974 Texas Penal Code, voluntariness is like a defense which the State need not plead in an indictment. *Bermudez,* 533 S.W.2d at 807. However, the *Bermudez* court did not consider the issue of the shift in the burden of persuasion at trial required by an affirmative defense.

Nonetheless, the Fifth Circuit applied *Bermudez* in concluding in a *habeas corpus* proceeding from Texas that voluntariness is not an element of the offense of aggravated robbery. *Davis,* 766 F.2d at

204. In another Fifth Circuit case tried in federal court under Texas law, the defendant asserted a duress defense. She argued on appeal that the jury instructions did not properly treat the issue of voluntariness of her conduct. The Fifth Circuit specifically analyzed the interaction of duress as an affirmative defense with the voluntariness requirement of section 6.01:

We interpret the Texas Penal Code to require that conduct must be voluntary, as provided in section 6.01. When a defendant raises the defensive theory that the criminal conduct involved was the product of duress or compulsion, we interpret the Texas statute to require that the threats reach the level articulated in the section 8.05 definition of duress before they are legally excused, and hence, involuntary under section 6.01. To require an instruction more favorable to the defendant in a situation analogous to the instant case would render section 8.05 meaningless.

There is a difference between fear of reprisals for carrying out a legal duty, and coercion strong enough to make a criminal act involuntary. The law excuses criminal conduct only in the latter instance. The duress instruction in the instant case properly stated the law of duress. Webb was entitled to no more.

*United States v. Webb*, 747 F.2d 278, 286 (5th Cir.1984), *cert. denied*, 469 U.S. 1226, 105 S.Ct. 1222, 84 L.Ed.2d 362 (1985). However, even though the *Webb* court tried the case under Texas law, the jury instruction shifted the burden of *production*, not the burden of *persuasion*, to the defendant:

If the evidence in the case leaves you with a reasonable doubt that the Defendant, at the time and place of the offense alleged in the indictment, acted or failed to act willfully and voluntarily, and not as a result of coercion, compulsion or duress, as just explained, then it is your duty to find the Defendant not guilty.

*Webb*, 747 F.2d at 285 (court's emphasis omitted). The *Webb* duress instruction did not comport with Texas law. Since the *Webb* court did not consider the constitutionality of the shifting of the burden (since the shift had not occurred), we find its analysis of the issue informative but not dispositive.

■ Nonetheless, we agree with the Fifth Circuit that voluntariness is not an essential element of an offense. Consequently, section 8.05 did not impermissibly require appellant to negate an essential element of the aggravated robbery offense with which he was charged.

#### 4. Voluntariness as a Factual Prerequisite

We do not agree with the State that eliminating voluntariness as an essential element of the offense ends our inquiry. Section 6.03(a), while not raising voluntariness of conduct to the level of an element of every offense, nonetheless makes the issue a factual prerequisite to every criminal offense. The United States Supreme Court very emphatically stated:

Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt *of every fact necessary to constitute the crime* with which he is charged.

*Winship*, 397 U.S. at 364, 90 S.Ct. at 1073 (emphasis added). We must also determine if due process permits the Texas Legislature to shift to a defendant the burden of persuasion of a fact which, while not an element of the offense, is a fact upon which successful prosecution depends.

The United States Supreme Court observed in a Texas case that:

[t]he doctrines of *actus reus, mens rea,* insanity, mistake, justification, and duress have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man. This process of adjustment has always been thought to be the province of the States.

*Powell v. Texas*, 392 U.S. 514, 536, 88 S.Ct. 2145, 2156, 20 L.Ed.2d 1254 (1968). A dec-

ade later, the Court reiterated this policy position:

> We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society's interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. *Proof of the nonexistence of all affirmative defenses has never been constitutionally required;* and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.
>
> This view may seem to permit state legislatures to reallocate burdens of proof by labeling as affirmative defenses at least some elements of the crimes now defined in their statutes. But there are obviously constitutional limits beyond which the States may not go in this regard. "[I]t is not within the province of a legislature to declare an individual guilty or presumptively guilty of a crime." The legislature cannot "validly command that the finding of an indictment, or mere proof of the identity of the accused, should create a presumption of the existence of all the facts essential to guilt."
>
> Long before Winship, the universal rule in this country was that the prosecution must prove guilt beyond a reasonable doubt. At the same time, the long-accepted rule was that it was constitutionally permissible to provide that various affirmative defenses were to be proved by the defendant. This did not lead to such abuses or to such widespread redefinition of crime and reduction of the prosecution's burden that a new constitutional rule was required. This was not the problem to which Winship was addressed. Nor does the fact that a majority of the States have now assumed the burden of disproving affirmative defenses—for whatever reasons—mean that those States that strike a different balance are in violation of the Constitution.

*Patterson,* 432 U.S. at 210, 97 S.Ct. at 2327 (footnotes and citations omitted) (emphasis added).

This language shows the United States Supreme Court's willingness to give state legislatures considerable leeway in defining defenses to crimes. Other courts have recognized that the United States Supreme Court holds firm to the proposition that the prosecution must shoulder the burden of showing the guilt of the accused beyond a reasonable doubt, yet allows states to place the burden of proof on defendants for at least some affirmative defenses. *See, e.g., Walker v. State,* 674 P.2d 825, 828 (Alaska Ct.App.1983).

### 5. Conflict in Authorities

We recognize other jurisdictions have analyzed this same problem and concluded due process does not permit a legislative shift of the burden of persuasion in a duress defense to the defendant. *See, e.g., State v. Charlton,* 338 N.W.2d 26, 29 (Minn.1983). We are also aware that many other jurisdictions shift only the burden of production of affirmative defenses to the defendant, while leaving the burden of persuasion beyond a reasonable doubt with the State.[3]

We also note that the duress defense appeared as a "defense," not an "affirmative defense," in the 1970 final draft proposed by the Revision Committee of the State Bar. Texas Penal Code: A Proposed

---

3. *See, e.g.,* Ark.Stat.Ann. tit. 5, § 5-1-111(e)(1), (2) (1987); Del. Code Ann. tit. 11, § 303 (1987); Haw.Rev.Stat. tit. 37, § 701-115 (1985); Ky.Rev. Stat.Ann. § 500.070 (Baldwin 1984); Me.Rev.Stat. Ann. tit. 17-A, § 101 (1983); N.Y.Penal Law § 25.00 (McKinney 1987); N.D.Cent.Code, Vol. 2B, tit. 12.1, § 12.1-01-03(2) (1985); Or.Rev.Stat. Vol. 3, § 161.055 (1989).

REVISION BY THE STATE BAR COMMITTEE ON REVISION OF THE PENAL CODE (Final Draft 1970). But by 1972 the Committee had revised the draft to denote duress as an affirmative defense which shifted both the burden of production and the burden of persuasion by a preponderance of the evidence to the defendant. TEXAS PENAL CODE: A PROPOSED REVISION BY THE STATE BAR COMMITTEE ON REVISION OF THE PENAL CODE (Final Draft 1972). Nonetheless, the 1974 commentary to section 2.04 of the Texas Penal Code articulates a serious concern about the constitutionality of shifting the burden of persuasion to the defendant. Searcy & Patterson, Practice Commentary, TEX. PENAL CODE ANN. § 2.04 (Vernon 1974).

Further, while the Model Penal Code labels duress as an "affirmative defense," it defines an "affirmative defense" as shifting only the burden of production. In fact, the Model Penal Code does not shift the burden of persuasion in *any* defense, only the burden of production. MODEL PENAL CODE § 1.12(3) (1962).

Yet we also know that the United States Supreme Court long ago approved a shift in the burden of persuasion in insanity defenses. *Leland v. Oregon,* 343 U.S. 790, 794, 72 S.Ct. 1002, 1005, 96 L.Ed. 1302 (1952). At least one commentator has expressed grave concerns about the constitutionality of all of the affirmative defenses in the Texas Penal Code, including insanity and duress. *See* Comment, *Constitutionality of Affirmative Defenses in the Texas Penal Code,* 28 BAYLOR L.REV. 120 (1976). Finally, we note apparent internal inconsistencies in the delineation of defenses and affirmative defenses in the Texas Penal Code: mistake of fact is a defense, while mistake of law is an affirmative defense; necessity is a defense, while duress is an affirmative defense. Yet we cannot say that the requirements of due process prohibit the Legislature from making these allocations of the burden of proof.

Obviously, opinions differ concerning the propriety of shifting to defendants the burden of persuasion of affirmative defenses. However, disagreement is not a sufficient basis to strike down legislation unless reasonable minds could not differ. Under both federal due process considerations and our own State law, this court must begin its determination of the constitutionality of a statute by presuming that it is constitutional. We must also seek to analyze a statute in such a way that our interpretation supports its constitutionality. The fact that reliable authorities reach different conclusions militates in favor of constitutionality: it shows reasonable minds *can* differ. *See Rose v. State,* 752 S.W.2d 529, 547 (Tex.Crim.App.1987) (McCormick, J. dissenting).

We do not address the wisdom of the reallocations of burdens of proof contained in the Texas Penal Code. The tipping of the scale in favor of society's interests against those of the accused has been and no doubt will continue to be the subject of much debate. Adjustments to that balance are within the legislature's prerogative, not within the mandate of this court. We hold that shifting the burden of production and persuasion to a defendant who asserts a duress defense does not violate substantive due process. We overrule appellant's first point of error.

We affirm the trial court's judgment.