TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00027-CR






Ernesto Munoz, Jr., Appellant


v.


The State of Texas, Appellee





FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY

NO. 406197, HONORABLE DAVID CRAIN, JUDGE PRESIDING





 Appellant, Ernesto Munoz, Jr., was convicted of driving while intoxicated. See Tex. Penal
Code Ann. § 49.04 (West 1994). (1) The trial court sentenced Munoz to 160 days in jail and assessed a
$1,500 fine, suspending the jail time and $1,200 of the fine for eighteen months. In five points of error,
Munoz alleges: (1) the evidence was legally insufficient to support a finding of guilt; (2) the evidence was
factually insufficient to support a finding of guilt; (3) the evidence established Munoz's affirmative defense
of duress; (4) the trial court erred in admitting videotape evidence showing Munoz invoking his Fifth
Amendment right against self-incrimination; and (5) the trial court erred in overruling Munoz's motion to
suppress. We will affirm the trial court's judgment. 



BACKGROUND


 Around 2:00 a.m. on November 19, 1993, Munoz left Dance Across Texas, a country and
western bar located in southeast Austin, and found his roommate and brother talking to security personnel
outside the bar. Officer Moore of the Austin Police Department arrived at the bar in response to a call
reporting a disturbance. Munoz's roommate asked Munoz to drive, and the three men proceeded to leave
in the roommate's vehicle. The security personnel in the parking lot informed Officer Moore that Munoz
and his companions were the individuals involved in the disturbance and that they were all intoxicated. As
Munoz began driving away, he made an obscene gesture toward Officer Moore and the security staff. 
Officer Moore immediately attempted to stop Munoz and his companions, calling out "Stop! Police!"
several times and striking the trunk of the vehicle with his flashlight. Munoz made eye contact with Officer
Moore, whereupon Officer Moore told Munoz, "I'm a police officer. You better stop," but Munoz did
not stop and departed the parking lot onto Ben White Boulevard. Officer Moore requested assistance,
whereupon Officer Hardies arrived and witnessed Munoz running a red light while making a U-turn. 

 Officer Hardies stopped Munoz for running the light, and Officer Moore arrived to assist
Officer Hardies. Munoz's breath smelled of alcohol, he swayed back and forth while standing, and Munoz
told the officers he had consumed three to four beers. Officer Moore demonstrated and administered four
field sobriety tests, all of which Munoz failed. Munoz: (1) was unable to balance and count correctly during
a head tilt test; (2) was unable to balance on one foot while reciting the alphabet; (3) swayed backward
and forward while performing the finger-to-nose test; and (4) stumbled when he attempted to walk heel-to-toe in a straight line. The officers arrested Munoz for driving while intoxicated on the basis of his driving,
appearance and demeanor, and failure of the field sobriety tests. Munoz was videotaped at the police
station after he declined to take an intoxilizer test. 

 Munoz was charged with driving while intoxicated. Before trial, he filed a motion to
suppress evidence obtained pursuant to his seizure by the officers. The trial court never ruled on the
motion. Munoz waived his right to a jury trial, and the case proceeded to trial before a judge. Munoz was
convicted of driving while intoxicated, and the court sentenced him to 160 days in jail and a $1,500 fine. 
The court suspended the jail time and $1,200 of the fine for eighteen months. Munoz appeals.


DISCUSSION


 In his first point of error, Munoz argues that the evidence was legally insufficient to support
a conviction of driving while intoxicated. The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Joseph v. State,
897 S.W.2d 374, 376 (Tex. Crim. App. 1995). We do not ask whether we believe the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Id. 

 A person who drives and operates a motor vehicle in a public place while intoxicated
commits the offense of driving while intoxicated. Tex. Penal Code Ann. § 49.04 (West 1994). Intoxication
is not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the
body. Tex. Penal Code Ann. § 49.01(2)(a) (West 1994). At trial, Munoz admitted that on the evening
of the offense he drove and operated a motor vehicle on a public road. Officer Hardies testified that
Munoz ran a flashing red light. Officer Moore testified that Munoz smelled strongly of alcohol, had glassy
and bloodshot eyes, and was swaying back and forth while standing. Munoz was also unable to follow
instructions on four field sobriety tests and failed all four tests after Officer Moore demonstrated them. 
Additionally, Munoz testified that he had consumed six to eight cups of beer containing about nine ounces
each. After viewing the evidence in the light most favorable to the prosecution, we hold it is legally sufficient
to support finding Munoz guilty of the offense beyond a reasonable doubt. We overrule point of error one.

 In his second point of error, Munoz argues that the evidence was factually insufficient to
support a finding of guilt. When reviewing the factual sufficiency of the evidence, we review all the evidence
equally rather than in the light most favorable to the prosecution. An appellate court should set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 136 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d
375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). We cannot say that the verdict was contrary
to the overwhelming weight of the evidence when the evidence adduced at trial showed Munoz: (1) drove
through a flashing red light; (2) swayed when he tried to stand; (3) smelled of alcohol; (4) could not
successfully perform four field sobriety tests; and (5) testified that he had consumed six to eight cups of
beer. We overrule Munoz's second point of error.

 In his third point of error, Munoz argues the trial court should not have found him guilty
because the evidence conclusively established his affirmative defense of duress. On review of the evidence
supporting an affirmative defense, we determine whether the judgment is "so against the great weight and
preponderance of the evidence as to be manifestly unjust." Clewis, 922 S.W.2d at 132; Meraz v. State,
785 S.W.2d 146, 154 (Tex. Crim. App. 1990). Munoz had the burden before the trial court to prove
duress by a preponderance of the evidence. See Tex. Penal Code Ann. § 2.04 (West 1994); Alford v.
State, 806 S.W.2d 581, 585 (Tex. App.--Dallas 1991), aff'd, 866 S.W.2d 619 (Tex. Crim. App. 1993).

 "In prosecution for an offense that is not a felony, it is an affirmative defense to prosecution
that the actor engaged in the proscribed conduct because he was compelled to do so by force or threat of
force." Tex. Penal Code Ann. §8.05(b)(West 1994). (2) Munoz apparently contends he had to leave the
bar premises when he did, and that he had to drive the vehicle in order to do so. Munoz failed to show
compulsion to leave the bar by means of driving a vehicle. Compulsion exists only if the force or threat of
force would render a person of reasonable firmness incapable of resisting the pressure. Tex. Penal Code
Ann. § 8.05(c) (West 1994); Shaw v. State, 874 S.W.2d 115, 119 (Tex. App.--Austin 1994, pet. ref'd). 
Munoz testified that the security guards yelled racial slurs at him and his companions and that he believed
the bangs on his car were the security guards throwing something at the car. Munoz knew, however, that
a police officer was present and even made an obscene gesture at Officer Moore. Furthermore, Munoz
made eye contact with the officer when Moore was beside the vehicle, striking the trunk of the vehicle with
his flashlight and yelling at Munoz to stop. Munoz could have departed by other means such as calling a
taxicab. Under these facts, we cannot say that the trial court's failure to find that Munoz acted under duress
was "so against the great weight and preponderance of the evidence as to be manifestly unjust." See
Clewis, 922 S.W.2d at 132. We therefore overrule point of error three.

 Munoz contends in his fourth point of error that the trial court erred in admitting the
videotape which shows him invoking his Fifth Amendment right against self-incrimination. Munoz did not
object at trial to the playing of the videotape. Furthermore, while questioning Munoz on direct examination,
Munoz's attorney specifically commented on the videotape showing Munoz invoking his rights. Even
constitutional claims may be waived by failure to object at trial. Thompson v. State, 537 S.W.2d 732,
736 (Tex. Crim. App. 1976). Without properly objecting to the admissibility of the videotape, Munoz
failed to preserve any complaint on appeal regarding its admissibility. See Tex. R. App. P. 52(a). In any
event, this was a non-jury trial. Appellant suffered no prejudice by having the trial court observe him
invoking his rights. Further, we presume the trial court disregards inadmissible evidence. Tolbert v. State,
743 S.W.2d 631, 633 (Tex. Crim. App. 1988). We overrule Munoz's fourth point of error.

 Munoz argues in his fifth point of error that the trial court erred in overruling his motion to
suppress. However, the trial court never ruled on the motion. Before the beginning of trial, Munoz's
attorney requested that the court "carr[y] along" pre-trial issues; however, no objection was made when
evidence regarding the stop was presented. By failing to obtain a ruling on his motion or to object to the
introduction of evidence regarding the stop, Munoz failed to preserve a complaint for appellate review. 
See Tex. R. App. P. 52(a). Therefore, we overrule Munoz's fifth point of error.


CONCLUSION


 Having overruled Munoz's five points of error, we affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: February 27, 1997

Do Not Publish

1. This offense took place before September 1, 1994 and is governed by the law in effect at the time
the offense occurred. Because the code amendments effective September 1, 1994 have no substantive
effect on this offense, we cite the current code for convenience. 
2. The State argues that Munoz cannot assert his affirmative defense because he denies that he was
driving while intoxicated. The State must prove beyond a reasonable doubt that Munoz committed the
offense of driving while intoxicated before Munoz must meet his burden to prove he acted under duress. 
See Bigby v. State, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994); Charles v. State, 636 S.W.2d 5,
6 (Tex. App.--Dallas 1982, pet. ref'd).


,
785 S.W.2d 146, 154 (Tex. Crim. App. 1990). Munoz had the burden before the trial court to prove
duress by a preponderance of the evidence. See Tex. Penal Code Ann. § 2.04 (West 1994); Alford v.
State, 806 S.W.2d 581, 585 (Tex. App.--Dallas 1991), aff'd, 866 S.W.2d 619 (Tex. Crim. App. 1993).

 "In prosecution for an offense that is not a felony, it is an affirmative defense to prosecution
that the actor engaged in the proscribed conduct because he was compelled to do so by force or threat of
force." Tex. Penal Code Ann. §8.05(b)(West 1994). (2) Munoz apparently contends he had to leave the
bar premises when he did, and that he had to drive the vehicle in order to do so. Munoz failed to show
compulsion to leave the bar by means of driving a vehicle. Compulsion exists only if the force or threat of
force would render a person of reasonable firmness incapable of resisting the pressure. Tex. Penal Code
Ann. § 8.05(c) (West 1994); Shaw v. State, 874 S.W.2d 115, 119 (Tex. App.--Austin 1994, pet. ref'd). 
Munoz testified that the security guards yelled racial slurs at him and his companions and that he believed
the bangs on his car were the security guards throwing something at the car. Munoz knew, however, that
a police officer was present and even made an obscene gesture at Officer Moore. Fur