TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00531-CR






Robert Milligan, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. 9010837, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Robert Milligan guilty of five counts of aggravated sexual
assault and one count of burglary of a habitation. See Tex. Pen. Code Ann. § 22.021 (West Supp.
2005), § 30.02 (West 2003). The jury assessed punishment for each count at imprisonment for life. 
Appellant contends that victim-impact testimony was erroneously admitted at his trial and that his
counsel rendered ineffective assistance. He also contends that the witness rule was violated and
victim-impact and hearsay testimony was erroneously admitted at the juvenile court hearing at which
he was certified to be tried as an adult. We find no error and affirm the judgment of conviction.


Criminal Trial


On the night of February 8, 1997, armed and masked assailants burst into an
apartment where five university students--two men and three women--were gathered for a party. 
The assailants physically assaulted the men and sexually assaulted the women. In April 2001, police
received an anonymous tip identifying appellant as one of the perpetrators. Appellant's known
fingerprints were compared with prints recovered from the apartment in 1997 and found to match. 
Police then obtained a search warrant to take samples of appellant's blood, saliva, and hair. 
Appellant's DNA was shown to match the DNA contained in semen left by one of the assailants. 
Appellant, who was fifteen years old in February 1997, admitted his guilt during his punishment
stage testimony. (1)

In his first point of error, appellant contends that victim-impact testimony was
erroneously admitted. At the guilt stage, one of the men assaulted on February 8, 1997, was asked
by the prosecutor, "Did you ever go back and live at those apartments again?" The witness
answered, "No." Appellant argues that this testimony was inadmissible because the witness was not
named as a complainant in the indictment. See Haley v. State, 113 S.W.3d 801, 817-18 (Tex.
App.--Austin 2003), aff'd, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005).

It is not clear that the testimony in question is victim-impact evidence. Even if we
assume that the jury inferred that the witness did not return to the apartment because he was
traumatized by the events of February 8, Haley is distinguishable. The victim-impact testimony in
that case related to an extraneous offense unrelated to the crime for which the defendant was on trial. 
The witness here, while not the named victim of the burglary, was a resident of the apartment, was
present when the burglary took place, and was struck on the head by an assailant wielding a heavy
beer mug. Appellant's fingerprints were found on this mug. The witness was clearly a victim of the
charged burglary even if he was not named in the indictment, and his testimony did not relate to an
extraneous offense. Finally, the brevity of the challenged testimony and the absence of any further
reference to it leads us to conclude that any error in its admission did not affect appellant's
substantial rights. See Tex. R. App. P. 44.2(b). The point of error is overruled.

Next, appellant points to several alleged errors by trial counsel that, he contends,
demonstrate that his attorney did not provide constitutionally adequate assistance. To prevail on this
claim, appellant must show that counsel made such serious errors that he was not functioning
effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he
was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State,
988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). We must indulge a strong presumption that
counsel's conduct fell within the wide range of reasonable professional assistance. Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of
ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate
the alleged ineffectiveness. Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Appellant first complains that his counsel failed to preserve error during jury
selection. Counsel challenged two venire members on the ground that they could not consider the
full range of punishment. The challenges were overruled and counsel later used two of his
peremptory strikes against the two venire members. Counsel did not, however, request additional
peremptory strikes. See Feldman v. State, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002); Colella v.
State, 915 S.W.2d 834, 843 (Tex. Crim. App. 1995).

Our review of the record shows that the venire members in question, after initially
voicing some reluctance to consider the full punishment range, said during individual questioning
that they could do so and would base the punishment decision on the evidence. Appellant does not
argue that either challenge for cause was erroneously overruled. On this record, counsel's failure
to preserve the court's rulings for appeal does not support a finding of ineffectiveness.

Appellant also complains that his trial attorney did not object to hearsay testimony
and leading questions. The alleged hearsay was testimony by police officers regarding statements
made immediately after the crimes by the assault victims. Considering the context of this testimony,
trial counsel could reasonably believe that the statements were excited utterances and hence not
objectionable hearsay. See Tex. R. Evid. 803(2). The alleged leading occurred during questioning
regarding the appearance of one of the assailants. The witness testified that the assailant had
disguised his face with "a mask or something." The prosecutor than asked, "[W]hat kind of mask?" 
Appellant asserts that this was a leading question because it assumed a fact not in evidence. The
witness answered, "I don't remember," and continued to say only that the assailant's face was
covered. If the question was improper, the failure to object clearly did not prejudice the defense.

Appellant asserts that his trial counsel should have requested a mistrial after a police
officer testified that this crime had "haunted" him. The officer made the statement after the
prosecutor asked him how he was able to remember details of the crime seven years after the fact. 
When the prosecutor then asked the officer why the crime had haunted him, defense counsel objected
that "the impact upon the officer is improper." The court ruled that the prosecutor could "ask him
how he remembers it, but as far as emotional impact, Defense Counsel is correct." The officer
subsequently testified that he remembered the crime because "[i]t's probably one of the more brutal
crimes" he had investigated. Because the officer did not testify to the emotional impact this crime
had on him, which was trial counsel's objection, counsel had no basis for requesting a mistrial.

Finally, appellant urges that his attorney's final argument to the jury at the guilt stage
was inadequate and assumed that he would be convicted. We quote counsel's argument in its
entirety:


Folks, I am not going to take much time this afternoon. As promised, the
Judge has given you the charge, the law that you need to apply to this case. I trust
that you will follow that. I am going [to] save the majority of my time, and I am
going to talk to you all some more tomorrow. Thank you.



(Emphasis added.) Appellant complains that this argument was "five throw-away sentences," and
that the emphasized phrase was an obvious reference to the punishment stage and effectively
conceded appellant's guilt.

There was no motion for new trial and thus there is no evidence regarding counsel's
reason for arguing as he did. The State suggests that, given the overwhelming evidence of guilt,
counsel may have believed that his credibility with the jury, and hence his ability to argue for a more
lenient punishment, would have been undermined had he argued at length for an acquittal. We agree
that, given the evidence, an acquittal was unlikely and it could have been a plausible trial strategy
for counsel to focus his attention on the punishment stage. At that stage, defense witnesses testified
to appellant's overall good conduct and character since 1997, appellant in his own testimony
expressed remorse for his actions, and counsel argued to the jury that appellant was a changed person
capable of being reformed. On this record, we cannot say that counsel's brief guilt-stage argument,
on its face, shows incompetence.

Appellant has not met his burden of affirmatively demonstrating that his trial
counsel's performance was constitutionally deficient. Point of error two is overruled.


Certification Hearing


Pursuant to article 44.47, appellant brought forward the record from his juvenile court
certification hearing and, with the Court's permission, filed a supplemental brief asserting error at
the hearing. See Tex. Code Crim. Proc. Ann. art. 44.47 (West Supp. 2005); see also Tex. Fam. Code
Ann. § 54.02 (West 2002). The certification hearing was conducted in the 98th District Court of
Travis County in cause number J-16,014, the Honorable W. Jeanne Meurer presiding.

Appellant's first point of error regarding the certification hearing is that there was a
violation of the witness exclusion rule. Tex. R. Evid. 614. After one of the sexual assault victims
testified at the hearing, counsel for the State told the court that the witness "has requested that she
be allowed to stay in the courtroom and not be subject to the Rule." Defense counsel responded, "I
don't know if this witness is subject to recall. . . . I may take her testimony in the future as well. I'd
like to guard against that if at all possible." The court asked to speak to both attorneys in chambers. 
When the hearing resumed, there was no further mention of the witness.

Because the record does not reflect that the witness was permitted to remain in the
courtroom, nothing is presented for review. If the witness was allowed to remain, appellant offers
no argument and cites no evidence to support a finding that her testimony would have been (or was,
at trial) materially affected. See Tex. R. Evid. 614(4). Point of error one is overruled.

In point two, appellant contends the juvenile court erred by allowing one of the male
victims to testify regarding the emotional impact of the crime. The witness testified that he had been
diagnosed with post-traumatic stress syndrome and had undergone several months of therapy. He
added, "My life never will be the same." Appellant offers no argument and cites no authority to
support his contention that this testimony was inadmissible at the certification hearing. Point of error
two is overruled.

Appellant's remaining points of error complain of the admission of hearsay and of
a violation of his Sixth Amendment confrontation right at the certification hearing. U.S. Const.
amends. VI, XIV; Crawford v. Washington, 541 U.S. 36 (2004). It has been held that neither the
Sixth Amendment nor the hearsay rule applies to a juvenile certification hearing. In re S.J.M., 922
S.W.2d 241, 242 (Tex. App.--Houston [14th Dist.] 1996, no writ); Alford v. State, 806 S.W.2d 581,
582 (Tex. App.--Dallas 1991), aff'd, 866 S.W.2d 619, 625 (Tex. Crim. App. 1993). But even if they
do, no error is presented.

In point of error three, appellant asserts that hearsay was admitted through the
testimony of the nurse who conducted the sexual assault examinations. The record reflects, however,
that the witness's testimony was based solely on her personal examination of the female victims. 
The point of error is overruled.

Point of error four concerns the testimony of one of the investigating officers. The
officer testified that when he entered the apartment, he heard screams coming from the bedroom. 
He entered the room and found two of the female victims. Over objection, he testified that the first
victim told him that they had been raped. The second victim, who "also was in a hysterical state,"
said "look what he did" and pointed to semen on her leg. Appellant argues that State failed to show
the emotional state of the first victim, and thus the excited utterance exception was erroneously
invoked with respect to her. Considering the circumstances, however, we conclude that the court
did not abuse its discretion by finding that both victims were under the stress of excitement caused
by the crime. Point of error four is overruled.

Points five and six relate to the testimony of the police officer who arrested appellant. 
The officer explained that one of the assailants, a known sex offender, had been identified and
prosecuted soon after the crimes were committed. The police had no other suspects until April 2001,
when an anonymous tip was received. Over appellant's objections, the officer testified that the
anonymous caller "told us that he knew that there was another young man involved, that his name
was Robert Milligan. And that he had been bragging about this."

In overruling appellant's hearsay objection, the court stated, "The information is
accepted as what the caller said, not what the truth of the matters asserted therein." The court
repeated this in overruling appellant's confrontation objection: "I'm not, one, accepting any of the
truth of the matters of anything asserted within the 911 call, but only that it occurred." The record
thus demonstrates that the challenged testimony was not offered or received to prove the truth of the
matter stated. See Tex. R. Evid. 801(d). Points of error five and six are overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed: February 16, 2006

Do Not Publish
1. Appellant's appointed attorney on appeal initially concluded that there were no meritorious
grounds for appeal because appellant's admission of guilt at the punishment stage waived any guilt-stage error under the "DeGarmo doctrine." See DeGarmo v. State, 691 S.W.2d 657, 660-61 (Tex.
Crim. App. 1985); and see Anders v. California, 386 U.S. 738 (1967). This Court abated the appeal
and instructed counsel to file a new brief taking into account the opinion in Leday v. State, 983
S.W.2d 713, 725-26 (Tex. Crim. App. 1998), which significantly limited the application of this
doctrine. See also Gutierrez v. State, 8 S.W.3d 739, 744-45 (Tex. App.--Austin 1999, no pet.)
(construing Leday). The State does not contend that any of the asserted errors was waived by
appellant's admission of guilt.