TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING






NO. 03-96-00027-CR





Ernesto Munoz, Jr., Appellant


v.


The State of Texas, Appellee





FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY

NO. 406197, HONORABLE DAVID CRAIN, JUDGE PRESIDING





 The opinion and judgment issued by this Court on February 27, 1997, are withdrawn and
the following opinion is substituted. 

 Appellant, Ernesto Munoz, Jr., was convicted of driving while intoxicated. See Tex. Penal
Code Ann. § 49.04 (West 1994). (1) The trial court sentenced Munoz to 160 days in jail and assessed a
$1,500 fine, suspending the jail time and $1,200 of the fine for eighteen months. In five points of error,
Munoz alleges: (1) the evidence was legally insufficient to support a finding of guilt; (2) the evidence was
factually insufficient to support a finding of guilt; (3) the evidence established Munoz's affirmative defense
of duress; (4) the trial court erred in admitting videotape evidence showing Munoz invoking his Fifth
Amendment right against self-incrimination; and (5) the trial court erred in overruling Munoz's motion to
suppress. We will affirm the trial court's judgment. 


BACKGROUND


 Around 2:00 a.m. on November 19, 1993, Munoz left Dance Across Texas, a country and
western bar located in southeast Austin, and found his roommate and brother talking to security personnel
outside the bar. Officer Moore of the Austin Police Department arrived at the bar in response to a call
reporting a disturbance. Munoz's roommate asked Munoz to drive, and the three men proceeded to leave
in the roommate's vehicle. The security personnel in the parking lot informed Officer Moore that Munoz
and his companions were the individuals involved in the disturbance and that they were all intoxicated. As
Munoz began driving away, he made an obscene gesture toward Officer Moore and the security staff. 
Officer Moore immediately attempted to stop Munoz and his companions, calling out "Stop! Police!"
several times and striking the trunk of the vehicle with his flashlight. Munoz made eye contact with Officer
Moore, whereupon Officer Moore told Munoz, "I'm a police officer. You better stop," but Munoz did
not stop and departed the parking lot onto Ben White Boulevard. Officer Moore requested assistance,
whereupon Officer Hardies arrived and witnessed Munoz running a red light while making a U-turn. 

 Officer Hardies stopped Munoz for running the light, and Officer Moore arrived to assist
Officer Hardies. Munoz's breath smelled of alcohol, he swayed back and forth while standing, and Munoz
told the officers he had consumed three to four beers. Officer Moore demonstrated and administered four
field sobriety tests, all of which Munoz failed. Munoz: (1) was unable to balance and count correctly during
a head tilt test; (2) was unable to balance on one foot while reciting the alphabet; (3) swayed backward
and forward while performing the finger-to-nose test; and (4) stumbled when he attempted to walk heel-to-toe in a straight line. The officers arrested Munoz for driving while intoxicated on the basis of his driving,
appearance and demeanor, and failure of the field sobriety tests. Munoz was videotaped at the police
station after he declined to take an intoxilyzer test. 

 Munoz was charged with driving while intoxicated. Before trial, he filed a motion to
suppress evidence obtained pursuant to his seizure by the officers. The trial court never ruled on the
motion. Munoz waived his right to a jury trial, and the case proceeded to trial before a judge. Munoz was
convicted of driving while intoxicated, and the court sentenced him to 160 days in jail and a $1,500 fine. 
The court suspended the jail time and $1,200 of the fine for eighteen months. Munoz appeals.


DISCUSSION


 In his first point of error, Munoz argues that the evidence was legally insufficient to support
a conviction of driving while intoxicated. The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Joseph v. State,
897 S.W.2d 374, 376 (Tex. Crim. App. 1995). We do not ask whether we believe the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Id. 

 A person who drives and operates a motor vehicle in a public place while intoxicated
commits the offense of driving while intoxicated. Tex. Penal Code Ann. § 49.04 (West 1994). Intoxication
is not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the
body. Tex. Penal Code Ann. § 49.01(2)(a) (West 1994). At trial, Munoz admitted that on the evening
of the offense he drove and operated a motor vehicle on a public road. Officer Hardies testified that
Munoz ran a flashing red light. Officer Moore testified that Munoz smelled strongly of alcohol, had glassy
and bloodshot eyes, and was swaying back and forth while standing. Munoz was also unable to follow
instructions on four field sobriety tests and failed all four tests after Officer Moore demonstrated them. 
Additionally, Munoz testified that he had consumed six to eight cups of beer containing about nine ounces
each. After viewing the evidence in the light most favorable to the prosecution, we hold it is legally sufficient
to support finding Munoz guilty of the offense beyond a reasonable doubt. We overrule point of error one.

 In his second point of error, Munoz argues that the evidence was factually insufficient to
support a finding of guilt. When reviewing the factual sufficiency of the evidence, we review all the evidence
equally rather than in the light most favorable to the prosecution. An appellate court should set aside the
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 136 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d
375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). We cannot say that the verdict was contrary
to the overwhelming weight of the evidence when the evidence adduced at trial showed Munoz: (1) drove
through a flashing red light; (2) swayed when he tried to stand; (3) smelled of alcohol; (4) could not
successfully perform four field sobriety tests; and (5) testified that he had consumed six to eight cups of
beer. We overrule Munoz's second point of error.

 In his third point of error, Munoz argues the trial court should not have found him guilty
because the evidence conclusively established his affirmative defense of duress. On review of the evidence
supporting an affirmative defense, we determine whether the judgment is "so against the great weight and
preponderance of the evidence as to be manifestly unjust." Clewis, 922 S.W.2d at 132; Meraz v. State,
785 S.W.2d 146, 154 (Tex. Crim. App. 1990). Munoz had the burden before the trial court to prove
duress by a preponderance of the evidence. See Tex. Penal Code Ann. § 2.04 (West 1994); Alford v.
State, 806 S.W.2d 581, 585 (Tex. App.--Dallas 1991), aff'd, 866 S.W.2d 619 (Tex. Crim. App. 1993).

 "In prosecution for an offense that is not a felony, it is an affirmative defense to prosecution
that the actor engaged in the proscribed conduct because he was compelled to do so by force or threat of
force." Tex. Penal Code Ann. § 8.05(b) (West 1994). (2) Munoz apparently contends he had to leave the
bar premises when he did, and that he had to drive the vehicle in order to do so. Munoz failed to show
compulsion to leave the bar by means of driving a vehicle. Compulsion exists only if the force or threat of
force would render a person of reasonable firmness incapable of resisting the pressure. Tex. Penal Code
Ann. § 8.05(c) (West 1994); Shaw v. State, 874 S.W.2d 115, 119 (Tex. App.--Austin 1994, pet. ref'd). 
Munoz testified that the security guards yelled racial slurs at him and his companions and that he believed
the bangs on his car were the security guards throwing something at the car. Munoz knew, however, that
a police officer was present and even made an obscene gesture at Officer Moore. Furthermore, Munoz
made eye contact with the officer when Moore was beside the vehicle, striking the trunk of the vehicle with
his flashlight and yelling at Munoz to stop. Munoz could have departed by other means such as calling a
taxicab. Under these facts, we cannot say that the trial court's failure to find that Munoz acted under duress
was "so against the great weight and preponderance of the evidence as to be manifestly unjust." See
Clewis, 922 S.W.2d at 132. We therefore overrule point of error three.

 In his fourth point of error, Munoz complains that the trial court erred in allowing the State
to play at trial the audio portion of a videotape in which Munoz invoked his Fifth Amendment privilege
against self-incrimination because the trial court may have considered this evidence an inference of guilt. 
See Hardie v. State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991); Dumas v. State, 812 S.W.2d 611,
614 (Tex. App.--Dallas 1991, pet. ref'd). Although Munoz filed an extensive pre-trial motion asking the
court to suppress admission of various evidence, including any audio and video recordings of him as well
as his assertion of any constitutional rights, he did not specifically argue for suppression of this particular
evidence at either pre-trial hearing or at trial, he never asserted this basis for complaint in the trial court, and
the trial court never ruled upon the motion to suppress. (3) Merely filing a motion to suppress will not
preserve error in the admission of evidence; the appellant must obtain a ruling on the motion. Tex. R. App.
P. 52(a); Tex. R. Crim. Evid. 103(a)(1); see also Ross v. State, 678 S.W.2d 491, 493 (Tex. Crim. App.
1984); Thomas v. State, 884 S.W.2d 215, 216 (Tex. App.--El Paso 1994, pet. ref'd). Further, the
complaint asserted on appeal must be the same as that urged in the trial court. Thomas v. State, 723
S.W.2d 696, 700 (Tex. Crim. App. 1986); Hodge v. State, 631 S.W.2d 754, 757 (Tex. Crim. App.
1982). Munoz argues on rehearing that he had a "running objection" to the admission of any evidence
covered by his motion to suppress. Even assuming he could obtain such a broad objection, Munoz's
request that the trial court "carry along" pre-trial issues, without more, did not satisfy the requirements for
a running objection. See Ethington v. State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991);
Sattiewhite v. State, 786 S.W.2d 271, 283-84 n.4 (Tex. Crim. App. 1989). (4)
 

 The videotape made of Munoz at the police station was admitted in evidence at trial after
Munoz's affirmative response that he had no objection to its admission; further, Munoz did not object to
the playing of the audio portion at trial. Even constitutional claims may be waived by failure to object. 
Thompson v. State, 537 S.W.2d 732, 736 (Tex. Crim. App. 1976). Finally, our review of the record
of the trial reflects that in the course of playing the tape for the court the parties, without dispute, muted the
audio portion at some point to avoid hearing some of Munoz's statements and responses, but our record
does not reveal with certainty what was heard by the trial court. Munoz has failed to demonstrate error
and has failed to preserve any error for appeal. See Tex. R. App. P. 52. We overrule Munoz's fourth
point of error. 

 Munoz argues in his fifth point of error that the trial court erred in overruling his motion to
suppress evidence obtained pursuant to the stop because the officer lacked reasonable suspicion to seize
him. Munoz filed several pre-trial motions, including his motion to suppress, that had not been ruled on at
the time of trial. After thirteen pages of unobjected to trial testimony by the arresting officer concerning the
events surrounding his stop of Munoz, Munoz asked that the trial court carry pre-trial issues along with the
trial "toward the possibility that there may be a ruling that there was no cause to stop." The trial court
responded that Munoz could cross-examine the witness after conclusion of the direct testimony. This was
the only mention of the matter at trial. Thereafter, Munoz did not object during trial to the introduction of
any evidence on this basis, did not argue at trial that the officer unlawfully seized him, and never requested
that the trial court rule on the motion to suppress. Because Munoz never obtained a ruling on his motion
or objected to the introduction of evidence, he has failed to preserve a complaint for appellate review. See
Tex. R. App. P. 52(a). Therefore, we overrule his fifth point of error. 


CONCLUSION


 Having overruled Munoz's five points of error, we affirm the judgment of the trial court.


 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: July 3, 1997

Do Not Publish
1. This offense took place before September 1, 1994 and is governed by the law in effect at the time
the offense occurred. Because the code amendments effective September 1, 1994 have no substantive
effect on this offense, we cite the current code for convenience. 
2. The State argues that Munoz cannot assert his affirmative defense because he denies that he was
driving while intoxicated. The State must prove beyond a reasonable doubt that Munoz committed the
offense of driving while intoxicated before Munoz must meet his burden to prove he acted under duress. 
See Bigby v. State, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994); Charles v. State, 636 S.W.2d 5,
6 (Tex. App.--Dallas 1982, pet. ref'd).
3. The record shows that the first pre-trial evidentiary hearing was held May 16, 1994. The second
was held December 1, 1994. The trial was held October 17, 1995. 

 At the end of the first pre-trial hearing, without reference to the videotape, the trial court granted
Munoz's request to suppress "all of the responses to questions." What was covered by this is unclear. The
videotape was never mentioned at the second hearing. While the videotape was being played at trial,
Munoz's counsel asked that the sound be cut off because "I think along the way he does have him answer
some questions." The prosecutor agreed to advance the tape and "then turn the sound back on. In fact,
I'll just mute it to make sure that it's not going to be on. . . ." After a pause, the videotape playing resumed. 

4. A "running objection" must meet the general requirements of a request for relief. It must: (1) be
specific; (2) be timely; (3) state with adequate precision the relief requested; and (4) state the reasons why
the party is entitled to relief. A running objection must then be ruled upon and must be approved by the
trial judge as a running objection. Therefore, the party seeking a running objection must ensure that the
record reflects: (1) that the trial judge understood both the "running" nature of the objection and the scope
of the objection's coverage and that the judge explicitly approved the objection on that ground. 43 George
E. Dix & Robert O. Dawson, Raising Complaints § 42.31, at 56 (Texas Practice 1995). 




no objection to its admission; further, Munoz did not object to
the playing of the audio portion at trial. Even constitutional claims may be waived by failure to object. 
Thompson v. State, 537 S.W.2d 732, 736 (Tex. Crim. App. 1976). Finally, our review of the record
of the trial reflects that in the course of playing the tape for the court the parties, without dispute, muted the
audio portion at some point to avoid hearing some of Munoz's statements and responses, but our record
does not reveal with certainty what was heard by the trial court. Munoz has failed to demonstrate error
and has failed to preserve any error for appeal. See Tex. R. App. P. 52. We overrule Munoz's fourth
point of error. 

 Munoz argues in his fifth point of error that the trial court erred in overruling his motion to
suppress evidence obtained pursuant to the stop because the officer lacked reasonable suspicion to seize
him. Munoz filed several pre-trial motions, including his motion to suppress, that had not been ruled on at
the time of trial. After thirteen pages of unobjected to trial testimony by the arresting officer concerning the
events surrounding his stop of Munoz, Munoz asked that the trial court carry pre-trial issues along with the
trial "toward the possibility that there may be a ruling that there was no cause to stop." The trial court
responded that Munoz could cross-examine the witness after conclusion of the direct testimony. This was
the only mention of the matter at trial. Thereafter, Munoz did not object during trial to the introduction of
any evidence on this basis, did not argue at trial that the officer unlawfully seized him, and never requested
that the trial court rule on the motion to suppress. Because Munoz never obtained a ruling on his motion
or objected to the introduction of evidence, he has failed to preserve a complaint for appellate rev