# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00531-CR

**Robert Milligan, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 9010837, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Robert Milligan guilty of five counts of aggravated sexual assault and one count of burglary of a habitation.  *See* Tex. Pen. Code Ann. § 22.021 (West Supp. 2005), § 30.02 (West 2003).  The jury assessed punishment for each count at imprisonment for life. Appellant contends that victim-impact testimony was erroneously admitted at his trial and that his counsel rendered ineffective assistance.  He also contends that the witness rule was violated and victim-impact and hearsay testimony was erroneously admitted at the juvenile court hearing at which he was certified to be tried as an adult.  We find no error and affirm the judgment of conviction.

### *Criminal Trial*

On the night of February 8, 1997, armed and masked assailants burst into an apartment where five university students—two men and three women—were gathered for a party.

The assailants physically assaulted the men and sexually assaulted the women. In April 2001, police received an anonymous tip identifying appellant as one of the perpetrators. Appellant's known fingerprints were compared with prints recovered from the apartment in 1997 and found to match. Police then obtained a search warrant to take samples of appellant's blood, saliva, and hair. Appellant's DNA was shown to match the DNA contained in semen left by one of the assailants. Appellant, who was fifteen years old in February 1997, admitted his guilt during his punishment stage testimony.[1]

In his first point of error, appellant contends that victim-impact testimony was erroneously admitted. At the guilt stage, one of the men assaulted on February 8, 1997, was asked by the prosecutor, "Did you ever go back and live at those apartments again?" The witness answered, "No." Appellant argues that this testimony was inadmissible because the witness was not named as a complainant in the indictment. *See Haley v. State*, 113 S.W.3d 801, 817-18 (Tex. App.—Austin 2003), *aff'd*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005).

It is not clear that the testimony in question is victim-impact evidence. Even if we assume that the jury inferred that the witness did not return to the apartment because he was

---

[1] Appellant's appointed attorney on appeal initially concluded that there were no meritorious grounds for appeal because appellant's admission of guilt at the punishment stage waived any guilt-stage error under the "*DeGarmo* doctrine." *See DeGarmo v. State*, 691 S.W.2d 657, 660-61 (Tex. Crim. App. 1985); *and see Anders v. California*, 386 U.S. 738 (1967). This Court abated the appeal and instructed counsel to file a new brief taking into account the opinion in *Leday v. State*, 983 S.W.2d 713, 725-26 (Tex. Crim. App. 1998), which significantly limited the application of this doctrine. *See also Gutierrez v. State*, 8 S.W.3d 739, 744-45 (Tex. App.—Austin 1999, no pet.) (construing *Leday*). The State does not contend that any of the asserted errors was waived by appellant's admission of guilt.

traumatized by the events of February 8, *Haley* is distinguishable. The victim-impact testimony in that case related to an extraneous offense unrelated to the crime for which the defendant was on trial. The witness here, while not the named victim of the burglary, was a resident of the apartment, was present when the burglary took place, and was struck on the head by an assailant wielding a heavy beer mug. Appellant's fingerprints were found on this mug. The witness was clearly a victim of the charged burglary even if he was not named in the indictment, and his testimony did not relate to an extraneous offense. Finally, the brevity of the challenged testimony and the absence of any further reference to it leads us to conclude that any error in its admission did not affect appellant's substantial rights. *See* Tex. R. App. P. 44.2(b). The point of error is overruled.

Next, appellant points to several alleged errors by trial counsel that, he contends, demonstrate that his attorney did not provide constitutionally adequate assistance. To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this presumption, any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

Appellant first complains that his counsel failed to preserve error during jury selection. Counsel challenged two venire members on the ground that they could not consider the

3

full range of punishment. The challenges were overruled and counsel later used two of his peremptory strikes against the two venire members. Counsel did not, however, request additional peremptory strikes. *See Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002); *Colella v. State*, 915 S.W.2d 834, 843 (Tex. Crim. App. 1995).

Our review of the record shows that the venire members in question, after initially voicing some reluctance to consider the full punishment range, said during individual questioning that they could do so and would base the punishment decision on the evidence. Appellant does not argue that either challenge for cause was erroneously overruled. On this record, counsel's failure to preserve the court's rulings for appeal does not support a finding of ineffectiveness.

Appellant also complains that his trial attorney did not object to hearsay testimony and leading questions. The alleged hearsay was testimony by police officers regarding statements made immediately after the crimes by the assault victims. Considering the context of this testimony, trial counsel could reasonably believe that the statements were excited utterances and hence not objectionable hearsay. *See* Tex. R. Evid. 803(2). The alleged leading occurred during questioning regarding the appearance of one of the assailants. The witness testified that the assailant had disguised his face with "a mask or something." The prosecutor than asked, "[W]hat kind of mask?" Appellant asserts that this was a leading question because it assumed a fact not in evidence. The witness answered, "I don't remember," and continued to say only that the assailant's face was covered. If the question was improper, the failure to object clearly did not prejudice the defense.

Appellant asserts that his trial counsel should have requested a mistrial after a police officer testified that this crime had "haunted" him. The officer made the statement after the

prosecutor asked him how he was able to remember details of the crime seven years after the fact. When the prosecutor then asked the officer why the crime had haunted him, defense counsel objected that "the impact upon the officer is improper." The court ruled that the prosecutor could "ask him how he remembers it, but as far as emotional impact, Defense Counsel is correct." The officer subsequently testified that he remembered the crime because "[i]t's probably one of the more brutal crimes" he had investigated. Because the officer did not testify to the emotional impact this crime had on him, which was trial counsel's objection, counsel had no basis for requesting a mistrial.

Finally, appellant urges that his attorney's final argument to the jury at the guilt stage was inadequate and assumed that he would be convicted. We quote counsel's argument in its entirety:

> Folks, I am not going to take much time this afternoon. As promised, the Judge has given you the charge, the law that you need to apply to this case. I trust that you will follow that. I am going [to] save the majority of my time, and *I am going to talk to you all some more tomorrow*. Thank you.

(Emphasis added.) Appellant complains that this argument was "five throw-away sentences," and that the emphasized phrase was an obvious reference to the punishment stage and effectively conceded appellant's guilt.

There was no motion for new trial and thus there is no evidence regarding counsel's reason for arguing as he did. The State suggests that, given the overwhelming evidence of guilt, counsel may have believed that his credibility with the jury, and hence his ability to argue for a more lenient punishment, would have been undermined had he argued at length for an acquittal. We agree that, given the evidence, an acquittal was unlikely and it could have been a plausible trial strategy

for counsel to focus his attention on the punishment stage. At that stage, defense witnesses testified to appellant's overall good conduct and character since 1997, appellant in his own testimony expressed remorse for his actions, and counsel argued to the jury that appellant was a changed person capable of being reformed. On this record, we cannot say that counsel's brief guilt-stage argument, on its face, shows incompetence.

Appellant has not met his burden of affirmatively demonstrating that his trial counsel's performance was constitutionally deficient. Point of error two is overruled.

### *Certification Hearing*

Pursuant to article 44.47, appellant brought forward the record from his juvenile court certification hearing and, with the Court's permission, filed a supplemental brief asserting error at the hearing. *See* Tex. Code Crim. Proc. Ann. art. 44.47 (West Supp. 2005); *see also* Tex. Fam. Code Ann. § 54.02 (West 2002). The certification hearing was conducted in the 98th District Court of Travis County in cause number J-16,014, the Honorable W. Jeanne Meurer presiding.

Appellant's first point of error regarding the certification hearing is that there was a violation of the witness exclusion rule. Tex. R. Evid. 614. After one of the sexual assault victims testified at the hearing, counsel for the State told the court that the witness "has requested that she be allowed to stay in the courtroom and not be subject to the Rule." Defense counsel responded, "I don't know if this witness is subject to recall. . . . I may take her testimony in the future as well. I'd like to guard against that if at all possible." The court asked to speak to both attorneys in chambers. When the hearing resumed, there was no further mention of the witness.

6

Because the record does not reflect that the witness was permitted to remain in the courtroom, nothing is presented for review. If the witness was allowed to remain, appellant offers no argument and cites no evidence to support a finding that her testimony would have been (or was, at trial) materially affected. *See* Tex. R. Evid. 614(4). Point of error one is overruled.

In point two, appellant contends the juvenile court erred by allowing one of the male victims to testify regarding the emotional impact of the crime. The witness testified that he had been diagnosed with post-traumatic stress syndrome and had undergone several months of therapy. He added, "My life never will be the same." Appellant offers no argument and cites no authority to support his contention that this testimony was inadmissible at the certification hearing. Point of error two is overruled.

Appellant's remaining points of error complain of the admission of hearsay and of a violation of his Sixth Amendment confrontation right at the certification hearing. U.S. Const. amends. VI, XIV; *Crawford v. Washington*, 541 U.S. 36 (2004). It has been held that neither the Sixth Amendment nor the hearsay rule applies to a juvenile certification hearing. *In re S.J.M.*, 922 S.W.2d 241, 242 (Tex. App.—Houston [14th Dist.] 1996, no writ); *Alford v. State*, 806 S.W.2d 581, 582 (Tex. App.—Dallas 1991), *aff'd*, 866 S.W.2d 619, 625 (Tex. Crim. App. 1993). But even if they do, no error is presented.

In point of error three, appellant asserts that hearsay was admitted through the testimony of the nurse who conducted the sexual assault examinations. The record reflects, however, that the witness's testimony was based solely on her personal examination of the female victims. The point of error is overruled.

Point of error four concerns the testimony of one of the investigating officers. The officer testified that when he entered the apartment, he heard screams coming from the bedroom. He entered the room and found two of the female victims. Over objection, he testified that the first victim told him that they had been raped. The second victim, who "also was in a hysterical state," said "look what he did" and pointed to semen on her leg. Appellant argues that State failed to show the emotional state of the first victim, and thus the excited utterance exception was erroneously invoked with respect to her. Considering the circumstances, however, we conclude that the court did not abuse its discretion by finding that both victims were under the stress of excitement caused by the crime. Point of error four is overruled.

Points five and six relate to the testimony of the police officer who arrested appellant. The officer explained that one of the assailants, a known sex offender, had been identified and prosecuted soon after the crimes were committed. The police had no other suspects until April 2001, when an anonymous tip was received. Over appellant's objections, the officer testified that the anonymous caller "told us that he knew that there was another young man involved, that his name was Robert Milligan. And that he had been bragging about this."

In overruling appellant's hearsay objection, the court stated, "The information is accepted as what the caller said, not what the truth of the matters asserted therein." The court repeated this in overruling appellant's confrontation objection: "I'm not, one, accepting any of the truth of the matters of anything asserted within the 911 call, but only that it occurred." The record thus demonstrates that the challenged testimony was not offered or received to prove the truth of the matter stated. *See* Tex. R. Evid. 801(d). Points of error five and six are overruled.

8

The judgment of conviction is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Affirmed

Filed:   February 16, 2006

Do Not Publish